**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EUGENE BING,                          :
                                      :    Civil Action No. 07-0643 (NLH)
        Petitioner,          :
                                      :
        v.                   :    **OPINION and ORDER**
                                      :
UNITED STATES OF AMERICA,             :
                                      :
        Respondent.          :

**APPEARANCES:**

Petitioner <u>pro se</u>
Eugene Bing
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

Counsel for Respondent
Louis J. Bizzarri
Office of the U.S. Attorney
Camden Federal Building
401 Market Street
4th Floor
Camden, NJ 08101

**HILLMAN**, District Judge

    This matter is before the Court pursuant to an inter-district transfer from the U.S. District Court for the Eastern District of Pennsylvania. See <u>Bing v. United States of America</u>, Civil Action No. 06-2267 (E.D. Pa.).

    Petitioner, a convicted and sentenced federal prisoner confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the reimposition of a period of special parole following the revocation of special parole.

Respondent moved to dismiss for lack of jurisdiction, resulting in the transfer to this Court.

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]hese provisions contemplate a proceeding against some person who has the <u>immediate</u> <u>custody</u> of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." <u>Wales v. Whitney</u>, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and <u>Wales</u>' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

<u>Rumsfield v. Padilla</u>, 542 U.S. 426, 434-436 (2004) (citations omitted).[1]

---

[1] In <u>Padilla</u>, the Supreme Court also noted (1) the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation and (2) the implicit exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court. 542 U.S. at 435-36, n.8, 9.

Thus, under the circumstances of this case, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the Petition must be dismissed.[2]

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." See also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"). Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500 (1973).

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should

---

[2] Although Petitioner was confined in the Eastern District of Pennsylvania when he filed his original Petition, that Court lost jurisdiction over the matter when Petitioner was moved from that district to this, as Petitioner had not named his immediate custodian in that district as a respondent. Cf. Padilla, 542 U.S. at 441 ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release") (emphasis added).

3

> name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).[3]

A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 34, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. § 2243.

It appearing that Petitioner has failed to name as a respondent an indispensable party, to wit, the warden of the facility in which he is confined;

IT IS on this 20th day of February, 2007,

ORDERED that Petitioner may file an amended petition naming the warden of the facility in which he is confined as a party respondent within 30 days after the date this Order is entered; and it is further

---

[3] As a corollary to the exception to the immediate custodian rule for military personnel confined overseas, the Supreme Court has similarly relaxed the district-of-confinement rule when American citizens confined overseas (and thus outside the territory of any district court) have sought relief in habeas corpus. Padilla, 542 U.S. at 447, n.16 (citing Braden, 410 U.S. at 498).

ORDERED that if Petitioner does not file an amended petition within the above 30-day period, the Court will enter an Order dismissing the Petition without prejudice for failure to name an indispensable party.

At Camden, New Jersey

Noel L. Hillman
United States District Judge