**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EUGENE BING,                        :
                                    :   Civil Action No. 07-0643 (NLH)
         Petitioner,                :
                                    :
         v.                         :   **OPINION**
                                    :
WARDEN PAUL SCHULTZ,                :
                                    :
         Respondent.                :


**APPEARANCES**:

Petitioner pro se                   Counsel for Respondent
Eugene Bing                         Jafer Aftab
2537 N. 29th Street                 Assistant U.S. Attorney
Philadelphia, PA 19132              970 Broad Street
                                    Suite 700
                                    Newark, NJ 07102


**HILLMAN**, District Judge

    Petitioner Eugene Bing, a prisoner confined at the Federal Correctional Institution at Fairton, New Jersey, at the time this matter was received in this Court pursuant to an inter-district transfer from the U.S. District Court for the Eastern District of Pennsylvania, see Bing v. United States of America, Civil Action

No. 06-2267 (E.D. Pa.), has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

## I.   BACKGROUND

In 1987, Petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania of possession with intent to distribute cocaine and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1).  The District Court sentenced Petitioner to a term of imprisonment of six years, to be followed by a "special parole" term of ten years.  Following his release, Petitioner began serving the term of special parole on October 19, 1995.  Accordingly, he was to remain under special parole supervision until October 18, 2005.

Thereafter followed a history of repeated revocations of special parole, and re-impositions of special parole, as follows:

| | |
|---|---|
| October 30, 1995 | Parole Commission issued warrant. |
| March 12, 1996 | Notice of Action.  Special Parole revoked.  No credit for time spent on special parole. |
| September 4, 1996 | <u>Fowler v. U.S. Parole Comm'n</u>, 94 F.3d 835 (3d Cir. 1996). |

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

| | |
|---|---|
| October 22, 1996 | Notice of Action.  Sentence recalculated in light of Fowler.  Full-term date unchanged; presumptive release date converted to regular parole. |
| September 22, 1997 | Release to regular parole, to remain under supervision until December 11, 2005. |
| January 15, 1998 | Parole Commission issued warrant. |
| March 4, 1998 | Petitioner arrested on parole warrant. |
| June 1, 1998 | Notice of Action.  Regular parole revoked. "Street time" from November 27, 1997 to March 3, 1998 forfeited because Petitioner had absconded from supervision for that period. See 18 U.S.C. § 4210(c).  Sentence recalculated to provide for supervision until March 18, 2006. |
| August 27, 1999 | Parole Commission issued warrant. |
| May 15, 2000 | Johnson v. United States, 529 U.S. 694 (2000). |
| July 20, 2000 | Petitioner pleaded guilty to controlled substance offense and was sentenced to 2-3 years incarceration. |
| April 2, 2001 | Notice of Action.  Based upon Johnson, Parole Commission (1) vacated decision in Notice of Action dated 10-22-1996 converting special parole term to regular parole term/term of imprisonment; (2) vacated decision dated 06-01-1998 granting credit for street time and forfeiting time spent on parole from 09-23-1997 to 11-26-1997. |
| August 6, 2001 | Notice of Action.  Special parole revoked. No street time to be credited. |
| May 28, 2003 | Petitioner paroled to special parole, to remain under supervision until March 7, 2007. |
| December 9, 2003 | Parole Commission issued warrant. |

February 17, 2005    Notice of Action.  Special parole revoked. No street time credited.

October 24, 2005    Petitioner paroled to special parole. to remain under supervision until July 14, 2008.

May 3, 2006    Parole Commission issued warrant.

July 12, 2006    Notice of Action.  Special parole revoked. No credit for street time.

In anticipation of his reparole to "special parole," Petitioner has filed this Petition asserting that the reimposition of "special parole" following revocation of his special parole is in violation of the Special Parole Statute, 21 U.S.C. § 841(c).  He requests all relief to which he may be entitled.

Respondent acknowledges the decision of the Court of Appeals for the Third Circuit, <u>Fowler v. U.S. Parole Commission</u>, 94 F.3d 835 (3d Cir. 1996), holding that the Special Parole Statute, 21 U.S.C. § 841(c), does not authorize the Parole Commission to reimpose a term of special parole following revocation of such a term and reincarceration.  Respondent contends, however, that the reimposition of special parole, following each revocation of special parole, was proper under § 841(c), because the decision of the U.S. Supreme Court in <u>Johnson v. United States</u>, 529 U.S. 694 (2000) implicitly overruled Third Circuit precedent to the contrary.

Respondent is incorrect, and Petitioner is entitled to relief.

II.  ANALYSIS

Traditional parole "is a part of a sentence of imprisonment, and has historically been a mechanism whereby one could be released yet continue to serve the sentence so long as the parolee complied with those rules of society that were a condition of parole."  Fowler v. United States Parole Commission, 94 F.3d 835, 839 (3d Cir. 1996).  "In stark contrast, special parole is a statutory creation imposed in addition to any term of years.  It is applied to offenders by a sentencing court only pursuant to a specific grant of authority from Congress."  Id. (emphasis in original).

> Three things are "special" about special parole: first, special parole follows the term of imprisonment, while regular parole entails release before the end of the term; second, special parole was imposed and its length selected, by the district judge rather than by the Parole Commission; third, when special parole is revoked, its full length becomes a term of imprisonment.  In other words "street time" does not count toward completion of special parole. ... This third difference is a consequence of 21 U.S.C. (1982 ed.) § 841(c).

Evans v. United States Parole Commission, 78 F.3d 262, 263 (7th Cir. 1996) (cited in Fowler, 94 F.3d at 839).

Regarding revocation of a term of special parole, Title 21 U.S.C. § 841(c) provides, in pertinent part:

> A special parole term ... may be revoked if its terms and conditions are violated.  In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special

5

>     parole.  A person whose special parole term has been
>     revoked may be required to serve all or part of the
>     remainder of the new term of imprisonment.  A special
>     parole term provided for in this section shall be in
>     addition to, and not in lieu of, any other parole
>     provided for by law.

21 U.S.C. § 841(c) (repealed).[2]

In 1996, faced with the question whether "the United States Parole Commission has the authority to impose a new term of special parole under 21 U.S.C. § 841(c) following revocation of [a parolee's] original special parole term," the Court of Appeals for the Third Circuit held that the Commission had no such authority under the statute.  Fowler v. United States Parole Commission, 94 F.3d 835, 836 (3d Cir. 1996).

In reaching this result, the Court of Appeals relied upon its own prior analysis of the meaning of the work "revoke" in a similar provision in 18 U.S.C. § 3583(e)(3), which authorized a court to "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision."  Fowler, 94 F.3d at 837-38 (citing United States v.

---

[2] The Special Parole Statute was enacted as part of a comprehensive drug control plan embodied in the Controlled Substances Act of 1970.  See Strong v. United States Parole Commission, 952 F.Supp. 712, 174 (S.D.N.Y. 1997).  This provision was repealed pursuant to the Comprehensive Crime Control Act of 1984, but remains applicable to criminal offenses committed, as here, before November 1, 1987.  See Pub.L. No. 98-473, tit. II, § 224(a)(2), formerly § 224(a)(6), 98 Stat. 1987, 2030 (1984), as renumbered by Pub.L. No. 99-570, tit. I, § 1005(a)(2), 100 Stat. 3207, 3207-6 (1986).

Malesic, 18 F.3d 205, 206-07 (3d Cir. 1994)).  In Malesic, the Court of Appeals found that "revoke generally means to ... rescind."  18 F.3d at 206.  Thus, the Court continued, once a term of supervised release has been "revoked" under 18 U.S.C. § 3583(e)(3), an additional term could not be imposed "given the conspicuous absence of a statutory provision clearly permitting a court to do so."  18 F.3d at 208 (quoted in Fowler, 94 F.3d at 838).[3]

Acknowledging, in Fowler, that 21 U.S.C. § 841(c) and 18 U.S.C. § 3583(e)(3) were not "identical," the Court held, nevertheless, that "their differences are not so substantive as to compel a different analysis.  Both statutes provide for revocation yet fail to include any authority for the reimposition of the specific sanction that has been revoked."  Fowler, 94 F.3d at 838, n.4.  Thus, the Court concluded that the language of § 841(c) required a similar result.  94 F.3d at 838.

The Court further held that the language of § 841(c) specifically requiring a "new term of imprisonment" that a prisoner "may be required to serve all or part of" amounted to an express grant of authority to the Parole Commission to release a special parole violator prior to the end of his "new" term of

---

[3] Congress subsequently amended Title 18 to expressly permit successive terms of supervised release.  See 18 U.S.C. § 3583(h) (1994).  In Fowler, the Court held that, nevertheless, it could rely on the reasoning of those cases interpreting the former provision, § 3583(e)(3).

7

imprisonment.  Any parole imposed after special parole is revoked, however, "can only be traditional parole," as it is "part of the sentence of imprisonment mandated upon the revocation of special parole; it is not in addition to it."  94 F.3d at 840.

Finally, the Court of Appeals rejected the Parole Commission's argument that its regulations to the contrary were entitled to deference under the rule of Chevron v. Natural Resources Defense Council, 467 U.S. 837 (1984).  "We owe no deference, however, to administrative interpretations or regulations that are based upon an impermissible construction of the statute.  Indeed, such a regulation or interpretation is invalid.  Section 841(c) is not so ambiguous as to allow the interpretation urged upon us by the Government."  Fowler, 94 F.3d at 841 (citations omitted).

Four years later, the Supreme Court resolved the question addressed by the Third Circuit in Malesic, upon which the Third Circuit relied in Fowler, that is, whether § 3583(e)(3) permitted imposition of another term of supervised release following revocation of an initial term of supervised release and recommitment.  See Johnson v. United States, 529 U.S. 694 (2000).

> The text of subsection (e)(3) does not speak directly to the question of whether a district court revoking a term of supervised release in favor of reimprisonment may require service of a further term of supervised release following the further incarceration.  And if we were to concentrate exclusively on the verb

>  "revoke," we would not detect any suggestion that the
> reincarceration might be followed by another term of
> supervised release, the conventional understanding of
> "revoke" being simply "to annul by recalling or taking
> back." Webster's Third New International Dictionary
> 1944 (1981). There are reasons, nonetheless, to think
> that the option of further supervised release was
> intended.

<u>Johnson</u>, 529 U.S. at 704.

Among those other "reasons" to construe the statute as encompassing the option of further supervised release were some textual reasons, including (1) the fact that the preceding subsection (e)(1) authorized a district court to "terminate" supervised release, suggesting that "revoke" meant something other than "terminate," (2) the fact that the term that was to be served upon revocation was all or part of the term of "supervised release," leading to the conclusion that something about the term of supervised release survives the preceding order of revocation, and (3) the fact that this "unconventional" use of "revoke" as meaning "to recall," without the necessary implication of precluding a further term of supervised release, is an alternate, but accepted, definition of the term, and (4) even if the term "revoke" were interpreted to mean "terminate," a court's power to impose a subsequent term of supervised release would accord with its general sentencing authority under 18 U.S.C. § 3583(a). In addition, the Supreme Court's construction served the evident congressional purpose in providing for a term of supervised release after incarceration to improve the odds of a successful

9

transition from prison to liberty.  529 U.S. at 708-09.  Finally, the construction of the statute as providing authority to subject a reincarcerated offender to further supervised release has support in the pre-Guidelines practice with respective to nondetentive monitoring.  529 U.S. at 710.  Thus, the Johnson decision expressly abrogated the Third Circuit's holding in Malesic.  529 U.S. at 699, n.2 and 703-13.

Respondent, here, argues that the Fowler analytical framework should now be applied as clarified by Johnson, that the term "revoke" does not mean rescind, cancel, or annul, but rather that it means "to summon back for imprisonment or reparole" and that "tradition" dictates that reimposition of special parole is clearly proper under § 841(c).  This argument might carry some weight if the Supreme Court, in Johnson, had held that the exclusive, or even preferred, definition of "revoke" was "to recall" or that pre-Guidelines "tradition" compelled a certain construction of the term.  But that is not what the Supreme Court held.  To the contrary, the Supreme Court construed the term "revoke" in the context of the language of the entirety of § 3583, acknowledged that the entire context compelled the Court to employ an "unconventional" definition, but justified the use of that "unconventional" definition because of the interplay of the contextual use of the term "revoke" with pre-Guidelines tradition.

10

No such circumstances compel the conclusion that "revoke" in § 841(c) grants the Parole Commission the authority to reimpose a term of special parole following revocation of a term of special parole and reincarceration.  Nor did the Third Circuit, in Fowler, rely exclusively on Malesic in determining the meaning of "revoke."  Instead, the Third Circuit looked to the context in which the term "revoke" was used, reasoning that the entire provision clearly contemplated the imposition of a "new term of imprisonment" of which the prisoner could be required "to serve all or part."  Thus, the applicable context in § 841(c) differs from the context of § 3583(e)(3) at issue in Johnson.

Johnson does not overrule Fowler.  It may be that the Court of Appeals for the Third Circuit ultimately will determine that Johnson so undercuts the reasoning in Fowler that the Court of Appeals will overrule Fowler.  Until such time, however, Fowler is directly applicable and binding precedent upon this Court.  Every District Court within this Circuit to address this issue has so held. See, e.g., Caraballo v. United States Parole Commission, 2007 WL 2702942 (E.D. Pa. Sept. 13, 2007); United States v. Rivera, 2007 WL 954725 (E.D. Pa. March 28, 2007); United States v. Farrow, 2007 WL 707362 (E.D. Pa. March 1, 2007); United States v. Walker, 2007 WL 172335 (E.D. Pa. Jan. 22, 2007); Bardle v. United States of America, 2006 WL 1071659 (E.D. Pa. April 20, 2006); Marker v. Reilly, 2004 WL 846699 (E.D. Pa. April

20, 2004).  See also Internal Operating Procedures of the United States Court of Appeals for the Third Circuit Rule 9.1.  See also Doyle v. Warden, 447 F.Supp.2d 1123 (C.D. Cal. 2006) (Johnson is not clearly irreconcilable with holding of Robles v. United States, 146 F.3d 1098 (9th Cir. 1998), that § 841(c) does not authorize Parole Commission to impose second term of special parole).

### III.  CONCLUSION

For the reasons set forth above, Petitioner is entitled to relief.  An appropriate order follows.


At: Camden, New Jersey              s/Noel L. Hillman
                                    Noel L. Hillman
                                    United States District Judge

Dated: January 14, 2008